**TA LEGAL GROUP PLLC**
Taimur Alamgir, Esq.
315 Main Street, Second Floor Huntington, NY 11743
(914) 552-2669
tim@talegalgroup.com
*Attorneys for Plaintiff Zheng Dong, M.D*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
ZHENG DONG,

  *Plaintiff*,

 - against –

CITY UNIVERSITY OF NEW YORK,
BOARD OF TRUSTEES OF CUNY,
CITY COLLEGE OF NEW YORK,
CUNY SCHOOL OF MEDICINE,
AND ELLIOT R. GOODMAN,

  *Defendants*,
---------------------------------------------------------------X

Case No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, Zheng Dong, M.D ("Plaintiff" or "Dr. Dong"), through his undersigned co-counsel of record, hereby files this Complaint against Defendants, City University of New York, Board of Trustees of CUNY, City College of New York, CUNY School of Medicine, and Elliot R. Goodman, M.D, ("Defendants"), and alleges as follows:

### **INTRODUCTION**

1. This case arises from the egregious and unlawful actions of the Defendants, who terminated Dr. Zheng Dong's employment and refused to renew his contract based

1

solely on a prior misdemeanor conviction, despite his exemplary performance and significant contributions to the academic community.

2. Dr. Dong, a highly respected medical educator and researcher, was employed by the Defendants in various capacities, including as an Adjunct Medical Lecturer/Professor and Course Co-Director of the Physician Assistant Anatomical Science Program. Over the course of his tenure, Dr. Dong earned accolades for his teaching, mentorship, and dedication to his students and colleagues.

3. Despite his outstanding performance, Defendants abruptly terminated Dr. Dong's employment in February 2024, citing a prior misdemeanor conviction that had no bearing on his ability to perform his job.

4. This decision was made without conducting the legally required analysis under New York Corrections Law Article 23-A, which mandates a thorough evaluation of mitigating factors before taking adverse employment actions based on criminal history.

5. Defendants' actions were not only arbitrary and capricious but also violated Dr. Dong's constitutional rights to due process and equal protection under the law. Furthermore, Defendants' conduct contravened the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), which prohibit discrimination based on criminal history.

6. As a result of Defendants' unlawful actions, Dr. Dong has suffered significant harm, including the loss of his livelihood, severe emotional distress, and irreparable damage to his professional reputation. This lawsuit seeks to hold Defendants accountable for their actions and to secure justice for Dr. Dong.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under federal law, specifically 42 U.S.C. § 1983.

7. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred within this District, and Defendants are located and conduct business within this District.

9. Plaintiff has complied with all administrative prerequisites. A Notice of Claim was timely served on Defendants pursuant to N.Y. Gen. Mun. Law § 50-e on or before May 10, 2024. A copy of the Notice of Claim (dated May 9, 2024) is attached hereto as **Exhibit A**.

10. Contemporaneously with the filing of this Complaint, Plaintiff will mail a copy of the Complaint to the New York City Commission of Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of Section 8-502 of the New York City Administrative Code.

## PARTIES

11. **Plaintiff Zheng Dong, M.D.** is a resident of the State of New York and was employed by Defendants as an Adjunct Medical Lecturer/Professor and later as Course Co-Director of the Physician Assistant Anatomical Science Program.

12. **Defendant City University of New York ("CUNY")** is a public university system organized under the laws of the State of New York.

13. **Defendant Board of Trustees of CUNY** is the governing body of CUNY.

14. **Defendant City College of New York** is a constituent college of CUNY.

15. **Defendant CUNY School of Medicine** is a medical school operated by CUNY.

16. **Defendant Elliot R. Goodman, M.D.** is the Director of Surgical Education at CUNY and acted under color of state law in his actions against Dr. Dong.

## FACTUAL BACKGROUND

**Dr. Dong's Employment and Contributions**

17. In January 2018, Dr. Dong was hired by CUNY in the School of Medicine as an Adjunct Medical Lecturer/Professor.

18. Over the course of his employment, Dr. Dong earned promotions and accolades, including his appointment as Course Co-Director of the Physician Assistant Anatomical Science Program in October 2023.

19. As of 2023, Dr. Dong was the sole instructor for the Head and Neck section of the Clinical Anatomy course, a critical component of the medical curriculum.

20. Dr. Dong was well-respected by faculty and students, who frequently sought him as a reference and praised his teaching methods and dedication.

21. In February 2024, Dr. Dong was being considered for a further promotion within the CUNY School of Medicine, reflecting his exceptional performance and contributions over the past 6 years.

**Unlawful Termination**

22. On February 12, 2024, Dr. Goodman sent Dr. Dong an email to the effect that his employment was being terminated and his contract not renewed due to Dr. Dong't misdemeanor conviction. In an accompanying text message, Dr. Goodman stated regarding the email "I'm sorry for its contents. I hope you understand why we feel it is necessary."

23. On February 13, 2024, Dr. Dong had a phone call with Defendant Goodman, who confirmed that Dr. Dong's employment was being terminated and his contract would not be renewed due to a prior misdemeanor conviction.

24. Defendant Goodman explicitly stated that the decision was unrelated to Dr. Dong's performance, which he described as "outstanding."

25. Dr. Dong informed Defendant Goodman that he was seeking expungement of the misdemeanor and was about to be issued a certificate of relief of disabilities with respect to misdemeanor.

26. Despite this, Defendant Goodman stated that the decision was final and that no mitigating circumstances would be considered.

27. Dr. Dong timely served his notice of claim on May 9, 2024. **See Exhibit A.**

28. Subsequently, in approximately late May 2024, Dr. Dong informed Dr. Goodman that he had received his certificate of relief from disabilities and requested that he be rehired to his position. However, CUNY again rejected Dr. Dong unlawfully out of hand, expressly citing his prior criminal conviction, without performing the analyses required under law.

**Defendants' Failure to Comply with Legal Requirements**

26. Defendants failed to perform the legally required analysis under N.Y. Corrections Law Article 23-A before terminating Dr. Dong's employment.

27. Article 23-A of the Corrections Law prohibits employers from denying employment based on criminal history unless they can demonstrate either a direct relationship between the conviction and the job or an unreasonable risk to property or public safety.

28. Article 23-A requires employers to consider eight specific factors, including the public policy of encouraging employment of individuals with criminal histories, the time elapsed since the offense, the individual's age at the time of the offense, and evidence of rehabilitation.

29. Defendants failed to undertake this analysis and did not provide Plaintiff with the opportunity to request or respond to such an analysis, as required by N.Y. Corr. Law §§ 753-754.

30. Defendants also failed to provide Dr. Dong with a hearing or any other form of due process, in violation of his constitutional rights.

**Harm to Dr. Dong**

31. As a result of Defendants' actions, Dr. Dong has suffered significant harm, including:

- Loss of employment.
- Back wages.
- Front wages.
- Severe emotional distress, including anxiety and depression.
- Damage to his professional reputation, making it difficult to secure future employment.

## CLAIMS FOR RELIEF

### COUNT I: Violation of Due Process (42 U.S.C. § 1983)

32. Plaintiff incorporates by reference all preceding paragraphs.

33. Defendants, acting under color of state law, deprived Plaintiff of his property interest in continued employment without due process of law.

34. Defendants failed to provide Plaintiff with notice or an opportunity to be heard prior to his termination.

35. As a result, Plaintiff has suffered damages, including lost wages, emotional distress, and reputational harm.

### COUNT II: Violation of Equal Protection (42 U.S.C. § 1983)

36. Plaintiff incorporates by reference all preceding paragraphs.

37.    Defendants discriminated against Plaintiff based on his criminal history, without a rational basis or legitimate governmental interest.

38.    Defendants' actions were arbitrary, capricious, and discriminatory.

39.    As a result, Plaintiff has suffered damages, including lost wages, emotional distress, and reputational harm.

**COUNT III: Discrimination Under NYSHRL**

40.    Plaintiff incorporates by reference all preceding paragraphs.

41.    Defendants discriminated against Plaintiff in employment based on his criminal history, in violation of N.Y. Exec. Law § 296.

42.    Defendants failed to consider mitigating factors as required by N.Y. Corrections Law Article 23-A.

43.    As a result, Plaintiff has suffered damages, including lost wages, emotional distress, and reputational harm.

**COUNT IV: Discrimination Under NYCHRL**

44.    Plaintiff incorporates by reference all preceding paragraphs.

45.    Defendants discriminated against Plaintiff in employment based on his criminal history, in violation of N.Y.C. Admin. Code § 8-107.

46.    Defendants failed to comply with the Fair Chance Act, which supplements Article 23-A by prohibiting inquiries into criminal history until after a conditional offer of

employment is made and requiring employers to provide applicants with a written analysis and opportunity to respond before taking adverse action.

47. As a result, Plaintiff has suffered damages, including lost wages, emotional distress, and reputational harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award the following relief:

1. Compensatory damages (including but not limited to back wages and front wages and emotional distress dames) in an amount to be determined at trial;

2. Punitive damages;

3. Reinstatement to his position at CUNY;

4. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

5. Pre- and post-judgment interest; and

6. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  Huntington, NY
        February 13, 2025

                                                Respectfully Submitted,
                                                **TA LEGAL GROUP PLLC**

By: _____
                                                Taimur Alamgir, Esq.
                                                315 Main Street, Second Floor
                                                Huntington, NY 11743
                                                Tel. (914) 552-2669
                                                tim@talegalgroup.com