

| Office of the New York State Attorney General | Letitia James Attorney General |
|---|---|

May 29, 2025

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

      Re:    *Dong v. City University of New York, et al.*, 1:25-cv-01332-JLR

Dear Judge Rochon:

      This Office represents the City University of New York ("CUNY"), Board of Trustees of CUNY, City College of New York, and CUNY School of Medicine[1] (collectively, "Defendants"[2]) in the above-referenced matter. We write to request that the June 6, 2025 initial pretrial conference (*see* February 14, 2025 Notice of Initial Conference, ECF No. 4) be adjourned *sine die*, including the requirement to submit a Civil Case Management Plan and Scheduling Order seven calendar days before the conference date, and that discovery in this action be stayed pending disposition of Defendants' forthcoming motion to dismiss (the "Putative Motion").

      "[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)," including where a party raises "substantial arguments" for dismissal. *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72-73 (S.D.N.Y. 2013). In evaluating a potential stay, courts consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.* at 72 (alterations adopted). Further, the "Supreme Court has instructed that discovery should not be allowed pending the resolution of an immunity question." *Nat'l Rifle Ass'n of Am. v. Cuomo*, 2023 WL 6037840, at *2 (N.D.N.Y. Sept. 15, 2023) (collecting cases).

      Here, all claims against all four Defendants are barred by the Eleventh Amendment. As will be shown in more detail in the Putative Motion, a straightforward application of precedent requires the claims to be dismissed. Specifically, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, the New York State Human Rights Law, and the New York City Human Rights Law are all barred. *See, e.g.*, *Bryan v. City Univ. of N.Y.*, 2020 WL 1434708, at *2 (S.D.N.Y. 2020)

---

[1] Neither the City College of New York nor the CUNY School of Medicine is a "legally cognizable entity apart from CUNY." *Clissuras* v. *City Univ. of N.Y.*, 359 F.3d 79, 81 n.2 (2d Cir. 2004); N.Y. Educ. Law § 6202(5).
[2] On May 27, 2025, Plaintiff filed a notice of voluntary dismissal as to defendant Elliot R. Goodman (ECF No. 19), leaving Defendants as the only defendants in this matter.

Hon. Jennifer L. Rochon  Page 2 of 3
May 29, 2025

("CUNY's Central Administration and CUNY's senior colleges qualify as arms of the State of New York" and "thus are immune from suit in federal court for claims pursuant to § 1983"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (suits against State agencies or departments "proscribed by the Eleventh Amendment" absent consent to suit); *Smigiel v. Coll. of Staten Island*, 2023 WL 8828938, at *3 (E.D.N.Y. Dec. 21, 2023) ("New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983."); *Commack Self-Serv. Kosher Meats Inc. v. State of N.Y.*, 954 F. Supp. 65, 70 (E.D.N.Y. 1997) ("[T]he Eleventh Amendment would bar any federal adjudication over claims based upon New York State law"); *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (claim "brought pursuant to the NYCHRL is also barred by state sovereign immunity."). Therefore, the Putative Motion will fully dispose of this action and obviate any need for discovery. *See, e.g.*, *Del Mar TIC I, LLC v. Bancorp Bank*, 2024 WL 1348501, at *1 (S.D.N.Y. Mar. 29, 2024) ("Because Defendant's success on the motion to dismiss would dispose of the entire action, this factor weighs in favor of granting the requested stay.").

Moreover, a dispositive motion that implicates the court's subject matter jurisdiction, like the Putative Motion, provides particularly good cause for a stay of discovery because it is "the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction." *Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *5 (S.D.N.Y. Dec. 21, 2020) (quoting *Hong Leong Fin. Ltd. (Sing.)*, 297 F.R.D. at 75). Such "substantial arguments" in favor of dismissal—immunity under the U.S. Constitution and the overwhelming weight of blackletter law—thus constitute the requisite good cause for an adjournment and stay of discovery. *Cf. Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (immunity defense "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of such *pretrial* matters as discovery, as inquiries of this kind can be peculiarly disruptive of effective government." (cleaned up)).

Further, this action was filed on February 13, 2025, less than four months ago, and was not served on Defendants until April 14, less than two months ago, so a brief stay of discovery pending disposition of the Putative Motion will not prejudice Plaintiff. *See, e.g.*, *Del Mar TIC I*, 2024 WL 1348501, at *2 (finding no prejudice where "Plaintiffs filed this case only about six months ago"); *Press v. Primavera*, 2022 WL 17736916, at *2 (S.D.N.Y. Dec. 16, 2022) (finding that "further delay" would not "significantly prejudice Plaintiff" where action had "been proceeding for over a year without discovery"); *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("[W]ith the viability of the [] Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice."). And while no discovery requests have yet been served, the Complaint contains broad allegations concerning Plaintiff's job performance and the actions of CUNY personnel which could implicate significant discovery—efforts that would "result in a waste of resources" should the Putative Motion be granted. *See Conte v. Tapps Supermarket, Inc.*, 2022 WL 4539267, at *9 (E.D.N.Y. Sept. 28, 2022) (granting stay pending motion to dismiss even where "the likely volume of discovery in this case does not appear extraordinary").

Accordingly, given the strength of the arguments for dismissal, the burden of the potential discovery in this action, and the lack of prejudice to Plaintiff, there is good cause to stay discovery pending resolution of the Putative Motion.

Hon. Jennifer L. Rochon   Page 3 of 3
May 29, 2025

  In accordance with Rule 1(F) of Your Honor's Individual Rules of Practice in Civil Cases, I contacted Plaintiff's counsel by email the morning of May 29, 2025, to request Plaintiff's consent to this request. As of the time of filing, Plaintiff has not responded to Defendants' request. No previous request for an adjournment has been made.

  Accordingly, Defendants respectfully request that the Court stay discovery pending the disposition of the Putative Motion and adjourn the June 6, 2025 initial conference *sine die*.

  Thank you for your attention to these matters.

Sincerely,

/s/ Jacob Lewis
JACOB LEWIS
Assistant Attorney General
212-416-8539
Jacob.Lewis@ag.ny.gov

cc: All counsel of record (*via* ECF)

---

On consideration of the arguments herein and those in Plaintiff's opposition, Dkt. 26, the Court will deny the motion to stay discovery without prejudice. To determine whether good cause has been shown, courts in this Circuit consider "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Guiffre v. Maxwell*, No. 15-cv-07433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016). Since the motion to dismiss has not been filed and discovery has not been discussed, the Court denies the motion without prejudice to refiling after Defendants file their motion to dismiss.

The Court grants the request to adjourn the initial pretrial conference. The initial pretrial conference is adjourned to **July 15, 2025 at 11:30 a.m.**

Date: June 4, 2025
   New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**